UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYA S. BISHOP,

    Petitioner,                                            Case No. 22-cv-10257

v.                                                    Honorable Nancy G. Edmunds

GENESEE COUNTY SHERIFF'S
OFFICE and CHRISTOPHER SWANSON,

    Respondents.

_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE HABEAS PETITION (ECF No. 1),
DENYING PETITIONER'S MOTIONS TO RECUSE
JUDGE BRIAN PICKELL (ECF Nos. 4 and 7),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL THIS DECISION *IN FORMA PAUPERIS*** 

On February 8, 2022, Petitioner Brya S. Bishop filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) She alleges that her confinement in the Genesee County Jail on state criminal charges violates the Federal Constitution, and she seeks to have the Court compel a state-court judge to recuse himself. Bishop has not demonstrated that she exhausted available state remedies for her constitutional claims, and the Court must abstain from interfering with the State's prosecution of Bishop. Accordingly, the Court will dismiss the habeas petition and deny Bishop's motions to recuse the state judge.

I.

The Court has gleaned from the habeas petition and other documents filed in this case that Bishop is a county detainee who is facing criminal charges in Genesee County, Michigan. She seems to be making the following claims in her habeas petition: (1) her arrest and confinement in jail violate her rights under the Fifth Amendment to the United States Constitution because she was not charged in an indictment (ECF No. 1, PageID.2); (2) the State of Michigan has violated her constitutional rights and has no jurisdiction to adjudicate her case (*id*. at PageID.3-4); (3) her detainment in the Genesee County Jail amounts to enslavement and involuntary servitude in violation of the Thirteenth Amendment (*id*. at PageID.4); and (4) her arrest and detainment in jail have deprived her of life, liberty, and property in violation of the Fourteenth Amendment (*id.* at PageID.4-5). She wants the Court to intervene in her state case and to uphold her rights. *Id*. at PageID.5.

In an addendum to the habeas petition, Bishop alleges that the prosecutor, assistant prosecutor, judges, and commissioner in her state case are not adhering to the United States Constitution. (ECF No. 3.) Finally, in two pending motions, Bishop asks to have the state judge assigned to her criminal case to recuse himself. (ECF Nos. 4 and 7.) Bishop asserts that the state judge cannot be fair and impartial, that he has breached his duties under the Constitution, and that he has shown no interest in the fact that she was not indicted. (ECF No. 4, PageID.12, 16.) Bishop

also alleges that the state judge has failed to register under the Foreign Agents Registration Act of 1983, has taken bribes, and has violated her rights to liberty, due process, and equal protection of the law. (*Id*. at PageID.17-18.)

## II. Discussion

It appears from Bishop's allegations that the state criminal charges against her were still pending when she filed her petition. Filing the petition under 28 U.S.C. § 2254 was improper because "that section applies only in post-trial situations, affording relief to a petitioner 'in custody pursuant to the judgment of a State court.'" *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (quoting § 2254(a)). Pretrial petitions like Bishop's "are properly brought under [28 U.S.C.] § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [her]." *Id.*

The doctrine of exhaustion of state remedies still applies, however. *See id.* at 547-48. The doctrine "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id*. at 546.

The exhaustion requirement is satisfied when the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526

3

U.S. 838, 844-45, 847 (1999). Thus, to properly exhaust state remedies, a habeas petitioner must have fairly presented each of her claims to the state court of appeals and to the state supreme court before raising her claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Federal district courts ordinarily must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Bishop has not alleged or otherwise shown that she exhausted any state-court remedies for her claims. She contends that the State of Michigan does not have jurisdictional authority to decide constitutional matters and that "[t]here are no remedies or alternate procedures as long as the State of Michigan is acting in willful defiance of federal processes and statutes." Pet. (ECF No. 1, PageID.3.) But "[s]tate courts, like federal courts, are obliged to enforce federal law," *O'Sullivan*, 526 U.S. at 844, and "[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis omitted).

Moreover, in *Younger v. Harris,* 401 U.S. 37 (1971), "the Supreme Court held that absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v.*

*Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citing *Younger*, 401 U.S. at 53–54). This doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979); *see also Atkins*, 644 F.2d at 546 (stating that "[a]bstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties" and that "[i]ntrusion into state proceedings already underway is warranted only in extraordinary circumstances"). So long as the litigant's claims "can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435.

Bishop has not shown bad faith or harassment by state officials or that some extraordinary circumstance makes abstention inappropriate, and she should be able to raise her constitutional claims in the state criminal proceedings. "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims," *Moore,* 442 U.S. at 425-26, and Bishop has not carried her burden of showing that state procedural law bars presentation of her claims in state court.

5

### III. Conclusion

Bishop has not satisfied the exhaustion requirement, and for the reasons given above, *Younger* abstention is appropriate in this case. Even if the Court excused Bishop's failure to exhaust state remedies, she may not interfere with the pending state action by maintaining a parallel federal action involving claims that can be raised in state court. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

Accordingly, the habeas petition is summarily dismissed without prejudice, and the motions to recuse the state judge are denied as moot. The Court also declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling was correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Finally, the Court denies leave to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                          s/ Nancy G. Edmunds
                                                         NANCY G. EDMUNDS
Dated: April 22, 2022                         United States District Judge